EDGAR COLLINS, EMPLOYEE, PLAINTIFF v. CONE MILLS, EMPLOYER, AND SELF-INSURED, LUMBERMENS MUTUAL INS. CO., ADMINISTRATOR, CARRIER, DEFENDANTS

No. 8610IC1029

(Filed 7 April 1987)

**Master and Servant § 68— chronic obstructive pulmonary disease — cigarette smoker — exposure to cotton dust not significant factor**

The Industrial Commission did not err by finding that plaintiff's chronic obstructive pulmonary disease was not significantly caused by or contributed to by his exposure to cotton dust while in defendant's employ where, although there was ample evidence to support a contrary finding, a pulmonary expert selected by the Commission testified that, considering plaintiff's history of cigarette smoking, his ability to perform work today would be the same had he worked on a farm rather than in the textile industry.

APPEAL by plaintiff from Opinion and Award of the North Carolina Industrial Commission. Opinion and Award entered 9 June 1986. Heard in the Court of Appeals 5 February 1987.

This is a workers' compensation claim in which plaintiff, a former employee in defendant's mill, seeks compensation for disability allegedly arising from occupational lung disease.

Plaintiff began work for defendant in 1942 as a laborer in defendant's mill. At first plaintiff unloaded coal and cotton in the yard; later he cleaned up in the card room by "blowing down" the carding machines with forced air. In 1945, plaintiff left the mill for a short period. In 1946, plaintiff returned to defendant's mill as a laborer. During this time, plaintiff worked seven days a week in the card and weave rooms cleaning and sweeping up waste dust. In the 1950's, plaintiff began to notice breathing difficulties, and went to his family doctor for treatment. In 1968, plaintiff was

transferred to the supply room of defendant's mill. The air in the supply room was better than that in the card and weave rooms, but still contained cotton dust brought in by the opening and closing of the supply room door. Plaintiff also smoked a pack of cigarettes per day from the time he was seventeen years of age until he quit smoking in 1969. In June 1978, at age 65, plaintiff retired and began to draw social security benefits. On several occasions thereafter, until October 1982, plaintiff returned to his job in the supply room on a part-time basis.

In October 1982, plaintiff filed the claim that is the basis of this lawsuit, stating that he suffers from occupational lung disease caused by exposure to cotton dust. After hearing testimony, Deputy Commissioner Page made findings of fact and conclusions of law, and denied plaintiff's claim on 17 October 1984. Plaintiff appealed to the Full Commission which adopted the Opinion and Award of Deputy Commissioner Page. Commissioner Clay dissented. Plaintiff then appealed to this Court.

*Charles R. Hassell, Jr., for plaintiff-appellee.*

*Smith, Helms, Mulliss and Moore, by J. Donald Cowan, Jr., and Caroline Hudson Wyatt, for defendant-appellee.*

PARKER, Judge.

In this appeal, plaintiff first contends that there is no evidence in the record to support the Commission's finding of fact that plaintiff's chronic obstructive pulmonary disease was not significantly caused or contributed to by his exposure to cotton dust while in defendant's employ. We do not agree.

On direct examination of the pulmonary expert selected by the Industrial Commission, Dr. Saltzman, plaintiff's attorney asked the doctor to comment on his examination and testing of plaintiff. He responded,

This man had severe chronic obstructive pulmonary disease. My assessment was pulmonary emphysema, chronic bronchitis, past cigarette abuse, Class IV AMA impairment, 50 percent whole body impairment. . . . I stated that the available data base does not support a contribution by byssinosis to pulmonary impairment. I stated that I had reviewed several pulmonary function tests and I had reviewed these since then

and that showed variable responses after the workday, but that with time his pulmonary function had deteriorated and that the decrements were compatible with aggravation of underlying chronic obstructive pulmonary disease in association with his occupational exposure. In my Medical Occupation Assessment I stated that the chest x-ray, pulmonary function and historical findings were mostly suggestive of cigarette-induced chronic bronchitis and pulmonary emphysema and stated that the findings and time course are not suggestive of primary byssinosis as the major contributing factor and that meant to his respiratory impairment. And I stated that the data base did not exist to establish that diagnosis but that the decrements in pulmonary function that have occurred from time to time after his occupational exposure may and perhaps do reflect aggravation. I have since that time reviewed all of the outside data base again and the answers. He has had eight tests of pulmonary function at the Cone Mill by records and the responses are — vary with the earliest tests I have which show already severe impairment. There are — one is that in which there was a significant decrement in the forced vital capacity after the workday. The bulk of the tests show little or no difference after the workday in the setting of already severe pulmonary function test abnormalities.

In response to a hypothetical question incorporating the facts of plaintiff's case and asking if Dr. Saltzman had an opinion as to whether plaintiff's exposure to cotton dust was "a significant contributing factor to the development of [plaintiff's] severe chronic pulmonary disease," the doctor stated, "I have an opinion and I think that his exposure may well have aggravated his lung disease."

On cross-examination, defendant's attorney asked Dr. Saltzman to explain his statements, "Number 1, that contribution by byssinosis is not supported and Number 2, that his pulmonary impairment is not suggestive of primary byssinosis as a major contributing factor." Dr. Saltzman explained in response,

The time course of his symptoms, the kinds of changes that are seen in this x-ray which are indicative of substantial emphysema, the history of substantial cigarette smoking over a

long interval of time, all are essentially indicative of a form of chronic obstructive pulmonary disease that is associated with, presumably induced by cigarette smoking induced chronic bronchitis and emphysema. Really, most of the data that we have, all of the data that we have really is consistent with these diagnoses as being his major pulmonary problems. And this is basically what I said, and I also said that the data were not suggestive to me of byssinosis as being his primary pulmonary problem. Now, the issue of aggravation, of course, is a different issue. He was, by nature of his work, for a long period of time exposed to substantial amounts of cotton dust, some history of work place and aggravated symptoms. Aggravation is a reasonable concern in him, but I did not make a diagnosis of byssinosis in this man.

When asked if plaintiff's work exposure were "unimportant in the development of his lung disease," Dr. Saltzman answered,

That is a very difficult question to answer accurately. I think that — you asked me a hypothetical question and the way you had, that this man had worked on a farm and had never worked in a cotton mill, would he have had substantial lung disease, all those things being equal, and I would say the answer to that is yes. It's really not possible to separate out the work place exposure because the chances induced are so similar. We're dependent upon the record of the fact that he was exposed and that he did have, from his health questionnaire, some occasional symptoms associated with the work place.

Defendant's attorney then asked if plaintiff had worked on a farm, considering his smoking history, "would his pulmonary impairment and capacity today be the same?" Dr. Saltzman answered, "My opinion is that most of the abnormalities would be present. I can't be sure that all of them would." Based on the same hypothetical facts, defendant's attorney then asked if plaintiff's "ability to perform any type of work today would be the same as when [Dr. Saltzman] found him." The doctor responded, "I think it would be. If not the same, near to that level."

On redirect examination of Dr. Saltzman, the attorney for plaintiff asked whether plaintiff's exposure to cotton dust "made a significant contribution to the development by way of aggrava-

tion to the degree of lung disease that [plaintiff] had when [Dr. Saltzman] tested him and examined him in 1982." Dr. Saltzman replied, "Yes, I think it may have."

Finding of fact number ten, adopted by the Full Commission, contains the following assertion:

> 10. Plaintiff has contacted [sic] chronic obstructive lung disease, which was caused by his 39 pack years of cigarettes [sic] smoking and was not caused or aggravated or accelerated in significant part by his 28 years of exposure to variable amounts of cotton dust in his employment with the defendant employer.

In *Rutledge v. Tultex Corp.*, 308 N.C. 85, 101, 301 S.E. 2d 359, 369-370 (1983), our Supreme Court held that chronic obstructive lung disease may be an occupational disease if (i) the occupation in question exposed the worker to a greater risk of contracting the disease than that faced by members of the public generally and (ii) the worker's exposure to cotton dust significantly contributed to or was a significant causal factor in the disease's development, "even if other non-work-related factors also make significant contributions, or were significant causal factors." The Court defined "significant" as " 'having or likely to have influence or effect: deserving to be considered: important, weighty, notable.' . . . *Significant* is to be contrasted with *negligible, unimportant, present but not worthy of note, miniscule,* or *of little moment."* *Rutledge*, 308 N.C. at 101-102, 301 S.E. 2d at 370 (quoting Webster's Third New International Dictionary (1971)) (emphasis in original). The Court sums up by stating,

> The factual inquiry, in other words, should be whether the occupational exposure was such a significant factor in the disease's development that without it the disease would not have developed to such an extent that it caused the physical disability which resulted in claimant's incapacity for work.

*Rutledge*, 308 N.C. at 102, 301 S.E. 2d at 370.

The Industrial Commission is a fact-finding body, and findings of fact made by the Commission are conclusive on appeal if supported by competent evidence even if there is evidence which would support a finding to the contrary. *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981).

Dr. Saltzman's testimony that considering plaintiff's history of cigarette smoking, his ability to perform work today would be the same had plaintiff worked on a farm rather than in the textile industry supports the Commission's conclusion that plaintiff's exposure to cotton dust was not a significant factor in the cause of plaintiff's chronic obstructive lung disease. Although there is ample evidence in the record to support a contrary finding, the role of this Court in reviewing the Commission's findings is limited, and we cannot say that the Commission erred as a matter of law.

The plaintiff also contends that the Commission erred in failing to find that plaintiff was disabled as a result of his occupational lung disease. However, the Commission found, based on competent evidence, that plaintiff's exposure to cotton dust was not a significant factor in causing plaintiff's chronic obstructive lung disease; therefore, the conclusion of law, that plaintiff does not have an occupational disease as defined by *Rutledge, supra,* is supported by the findings of fact. For this reason, it is unnecessary for this Court to consider whether the Commission erred in failing to find that plaintiff was disabled as a result of an occupational disease.

For the reasons stated above, the Opinion and Award of the Industrial Commission is

Affirmed.

Judges MARTIN and COZORT concur.